AUG 1 5 2007

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNITED STATES OF AMERICA**

**v.**

**LAIDLAW ENVIRONMENTAL
SERVICES (U.S.), INC., NOW KNOWN
AS SAFETY-KLEEN SERVICES, INC.**

**Defendant.**

Crim. No.: 5:07-CR-317  (NAM)
Vio: 42 U.S.C. § 6928(d)(3)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)

The United States of America and **LAIDLAW ENVIRONMENTAL SERVICES (U.S.), INC., NOW KNOWN AS SAFETY-KLEEN SERVICES, INC.** ("**Defendant**"), hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

1.  **RIGHTS OF DEFENDANT**.  Defendant understands its rights:

    (a)    to be represented by an attorney;

    (b)    to be charged by Indictment;

    (c)    to plead not guilty to any criminal charge brought against it;

    (d)    to have a trial by jury, throughout which it would be presumed to be not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

    (e)    to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

    (f)    to appeal its conviction if it is found guilty at trial; and

1

(g)    to appeal the imposition of sentence against it.

2.    **AGREEMENT TO PLEAD GUILTY AND WAIVE RIGHTS.** Defendant waives the rights set out in Paragraph 1(b)-(f) above.  Defendant also waives its right to appeal the imposition of sentence against it, so long as the sentence imposed is consistent with the recommendation in Paragraph 9 of this Plea Agreement.  Pursuant to Fed. R. Crim. P. 7(b), Defendant will waive indictment and plead guilty at arraignment to a one count Information to be filed in the United States District Court for the Northern District of New York.  The Information will charge Defendant with knowingly making a false statement by failing to assign a proper waste code (D009) to mercury contaminated waste in a hazardous waste manifest, in violation of 42 U.S.C. § 6928(d)(3).

3.    Pursuant to the terms of this Plea Agreement, Defendant will plead guilty to the criminal charges described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 5 below.

4.    **ELEMENTS OF THE OFFENSE.** Defendant, through its authorized representative, acknowledges that it is aware of the elements of the offense to which it is entering a guilty plea. Specifically, if this case were to proceed to trial, the United States would have the burden of proving beyond a reasonable doubt each of the elements of the Resource Conservation and Recovery Act (RCRA) violation. The legal elements of the RCRA offense, 42 U.S.C. § 6928(d)(3), are as follows:

(a)    1) a person (including a corporation); 2) knowingly; 3) makes a materially false statement; 4) in a manifest that is filed, maintained or used for purposes of compliance with RCRA.

2

5.    **FACTUAL BASIS FOR OFFENSE CHARGED**. Defendant admits the following facts which establish its guilt beyond a reasonable doubt for the offense stated in the Information:

(a)    At all times material to the Information, Defendant was in the business of transporting hazardous waste for disposal at licensed hazardous waste disposal facilities.

(b)    On or about June 3, 1998, in the Northern District of New York and elsewhere, an employee of Defendant picked up hazardous waste at a facility in Ithaca, NY that the Defendant knew was contaminated with mercury on a RCRA hazardous waste manifest. Defendant, acting through its employees, mis-labeled and caused the mis-labeling of what it knew to be mercury contaminated hazardous waste by failing to include the RCRA designation D009 on the manifest..

6.    **POSSIBLE MAXIMUM SENTENCE**. Defendant understands that the maximum penalty which may be imposed against it upon conviction for the RCRA violation are fines of:

(a)    $ 500,000 (18 U.S.C. § 3571(c)); or

(b)    twice the gross pecuniary gain derived from the crime  (18 U.S.C. § 3571(c) and (d)); or

(c)    twice the gross pecuniary loss caused to the victims of the crime (18 U.S.C. § 3571(c) and (d)).

7.    In addition, Defendant understands that:

(a)    pursuant to 18 U.S.C. § 3663A, the Court shall order it to pay restitution to any victims of the offense;

(b)    pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order Defendant to pay a special assessment of $400 upon conviction for the charged crime; and

3

(c)     pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years.

8.     **SENTENCING GUIDELINES**. Defendant understands and acknowledges that, at sentencing, the Court is required to take account of the United States Sentencing Guidelines, together with the other sentencing goals set forth in Title 18, United States Code, Section 3553(a). Defendant understands and acknowledges that the United States Sentencing Guidelines, including Chapter Eight which provides guidance for the sentencing of corporate defendants, may be considered by the Court, except that pursuant to U.S.S.G. §§ 8C2.1 and 8C2.10, the United States Sentencing Guidelines are not applicable for purposes of determining a corporate fine. Instead, the fine is to be determined under 18 U.S.C. §§ 3553 and 3571.

9.     **FIXED SENTENCING AGREEMENT**. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), subject to the District Court's acceptance, the United States and Defendant agree that the appropriate disposition of this case shall be that Defendant pays to the United States a criminal fine of Two Hundred and Fifty Thousand Dollars, payable in full at or before the time of imposition of sentence.

(a)     Defendant understands that the Court will order it to pay a $400 special assessment per count, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(b)     Sentencing. The parties agree that pursuant to Fed. R. Crim. P. 32(c)(1)(A) (ii) they will place information in the record enabling the Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 without the Probation Department conducting a Pre-sentence Investigation, and further agree to jointly recommend that the Court waive the preparation of the Presentence Report (PSR) in this matter. The parties will advise the Court at the time of the plea whether they request an adjournment prior to imposition of sentence. The Court's denial of

4

the request, if made, to impose sentence on an expedited schedule, or to direct the preparation of a PSR, will not void this Plea Agreement.

      (c)    Neither Defendant nor any other entity shall seek nor take a tax deduction for any monies paid as a fine under this plea agreement.

10.    **APPLICATION OF THE AGREEMENT**. This Agreement shall bind Defendant and its successors and assigns. No change in name, change in corporate or individual control, corporate reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter Defendant's responsibilities under this Agreement. Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

11.    The United States and Defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 9 of this Plea Agreement.

      (a)    If the Court does not accept the recommended sentence (except for the expedited imposition of sentence), the United States and Defendant agree that this Plea Agreement, except for Paragraph 11(b) below, shall be rendered void.

      (b)    If the Court does not accept the Rule 11(c)(1)(C) sentence (except for the expedited imposition of sentence), Defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If Defendant withdraws its plea of guilty, this Plea Agreement and the guilty plea shall not be admissible against Defendant in any criminal proceeding except as otherwise provided in Fed. R. Crim. P. 11(f). Defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense to which it can be charged will be tolled for the period between the date of the signing of the Plea Agreement and the date Defendant withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

12.   **GOVERNMENT'S AGREEMENT**. Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, the United States agrees that it will not bring further criminal charges against Defendant for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of the specific conduct described in the Information and plea agreement and similar conduct known to the investigating agents. The nonprosecution terms of this paragraph do not apply to civil or administrative matters of any kind, to any violation of the federal tax laws, or to any crime of violence.

13.   Defendant understands that it may be subject to civil or administrative action by federal or state agencies, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of Defendant as a matter for that agency to consider before determining what administrative action, if any, to take.

14.   **REPRESENTATION BY COUNSEL**. Defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. Defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

15.   **VOLUNTARY PLEA**. Defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to Defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

6

16.    **VIOLATION OF PLEA AGREEMENT**. Defendant, through its authorized representatives, recognizes that the government has agreed not to prosecute all of the criminal conduct that might be established by the evidence as committed by Defendant solely because of the promises made by Defendant in this Agreement. If Defendant breaches this Agreement, or if Defendant withdraws its guilty plea pursuant to paragraph 12 of this Agreement, the United States retains the right to present to the Grand Jury for Indictment, all of the criminal violations that might be established by the evidence. If the actions of Defendant or any of its agents and/or employees breaches this Agreement, Defendant will not be able to withdraw its guilty plea, and the United States will be relieved of all of its obligations under this Agreement. If, as a result of a breach of the Agreement, the United States elects to pursue any charge that was not filed as a result of this Agreement, Defendant expressly waives all defenses based upon the statute of limitations and pre-indictment delay, except to the extent that such defenses existed as of the date of the signing of this Agreement and subject to paragraph 18 below.

17.    Defendant understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Plea Agreement, because of Defendant's violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by it or current or former directors, officers, or employees of it to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it in any such further prosecution.

18.    **CORPORATE AUTHORIZATION.** Defendant states that it is authorized to enter into and comply with all of the terms of this Agreement. Defendant shall provide the United States with a written statement in the form of a corporate resolution certifying that the Board of Directors of one or more of the Reorganized Debtors has authorized the undersigned representatives to take these actions on behalf of Defendant and that all corporate formalities for such authorizations have been observed. The Government agrees that said corporate resolution is not admissible as evidence for any purpose other than to enforce this Agreement and the plea described herein. Defendant agrees that the plea of

7

guilty will be entered by Defendant they ~~~~~~~~~~ ~~ ~~~~~ plea, Defendant hereby waives all objections to the form of the charging document, admits that it is in fact guilty of the offense as set forth in the Information, and that the Factual Statement set forth in this Agreement is a true and accurate statement of Defendant's criminal conduct and that it provides a sufficient basis for Defendant's plea of guilty to the offense charged in the Information.

19. **WAIVER OF APPEAL.** Defendant, through its authorized representatives, is aware that 18 U.S.C. § 3742 gives the right to appeal the sentence to be imposed, and that other federal statutes give Defendant the right to appeal other aspects of the conviction. In consideration of the Agreement with the United States as set forth herein, Defendant knowingly and voluntarily agrees to waive the following rights:

(a.) The right, conferred by 18 U.S.C. § 3742, to appeal the sentence imposed by the Court for the conviction of these offenses, including restitution;

(b.) The right to appeal any aspect of Defendant's conviction, including any pre-charge or pre-trial dispositions of motions, if any, or other issues; and

(c.) The right to bring any collateral attack against Defendant's conviction or sentence, except as it may relate to the effectiveness of legal representation.

20. **ENTIRETY OF AGREEMENT.** This Plea Agreement constitutes the entire agreement between the United States and Defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and Defendant.

LAIDLAW ENVIRONMENTAL
SERVICES (U.S.), INC., now known
as SAFETY-KLEEN SERVICES, INC.

By: _____
Scott Fein
Whiteman, Osterman and Hanna
Attorney for Defendant
Bar Role No. 101621

GLENN T. SUDDABY
UNITED STATES ATTORNEY

By: _____
Craig A. Benedict
Assistant U.S. Attorney
Bar Role No. 101130

8